# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Western |
|---|---|
| Name David T. Lewis | Prisoner No. D1B1959 | Case No. 07 CV 0037 |
| Place of Confinement Attica Correctional Facility | | |
| Name of Petitioner (include name under which convicted) David T. Lewis | V. Name of Respondent (authorized person having custody of petitioner) James T. Conway |
| The Attorney General of the State of: Andrew Cuomo | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **Monroe County Court, Rochester New York**

2. Date of judgment of conviction **August 27, 2001**

3. Length of sentence **18 years**

4. Nature of offense involved (all counts) **Robbery 1st Degree**

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

- 2 -

9. If your answer to 8. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following:

   (a) Name of court (e.g., NYS Sup. Court, 4th Dept.) N.Y.S. Sup. Court, 4th Dept.

   (b) Result Affirmed

   (c) Date of result and citation, if known June 13, 2003

   (d) List <u>all</u> grounds you raised (1) Did the trial court err in denying Mr. Lewis's motion to suppress the show-up procedure?
   (2) Was the sentence unduly harsh and excessive?

   (3) _____

   (4) _____

10. Did you seek further review of the appeals court decision by a higher state court (e.g., the NYS Court of Appeals)?

    Yes ☒   No ☒

11. If your answer to 10. was "yes," <u>attach a copy of the higher state court decision to this petition</u> and answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result and citation, if known _____

    (d) List <u>all</u> grounds you raised (1) _____

    (2) _____

    (3) _____

    (4) _____

12. Did you file a petition for certiorari in the United States Supreme Court?
    Yes ☐   No ☒

13. If your answer to 12. was "yes," <u>attach a copy of the United States Supreme Court decision to this petition</u> and please answer the following with respect to each direct appeal you asked the United States Supreme Court to review:

- 3 -

(a) Result _____

(b) Date of result and citation, if known _____

(c) List all grounds you raised (1) _____

   (2) _____

   (3) _____

   (4) _____

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under NY CPL § 440, a state habeas petition, or a previous petition under 28 U.S.C. 2254) with respect to this judgment in any court, state or federal?

    Yes ☒  No ☐

15. If your answer to 14. was "yes," attach a copy of that court's decision to this petition and give the following information:

    (a) Name of court  Sup. Court. 4th. Department

    (b) Nature of proceeding  Writ of error coram nobis

    (c) Date Filed  July 21, 2004

    (d) List all grounds you raised (1)  Was appellate counsel ineffective for failing to raise a preserved, reviewable & meritorious issue?
    (2)  Did appellate counsel deliberately mislead defendant in his waiver to submit an issue of law that counsel claimed 2. was against defendant.?

    (4) _____

    (e) Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes ☐  No ☒

- 4 -

(f) Result _____

(g) Date of result _____

16. If your answer to 14. was "yes" and you also filed a <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:

   (a) Name of court _____

   (b) Nature of proceeding _____

   (c) Date Filed _____

   (d) List <u>all</u> grounds you raised (1) _____

   _____

   (2) _____

   _____

   (3) _____

   _____

   (4) _____

   _____

   (e) Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes ☐   No ☐

   (f) Result _____

   (g) Date of result _____

   As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information asked for under 15. and 16.

17. If your answer to 14. was "yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15. and 16., did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

   Yes ☒   No ☐

18. If your answer to 17. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following regarding <u>each</u> petition, application, or motion:

   (a) Name of court State of New York Court of Appeals

   (b) Date Filed November, 05

   (c) Result Denied

   (d) Date of result and citation, if known January 25, 2006

(e) List all grounds you raised (1) Appellate counsel was ineffective for his failure to raise preserved meritorious issues.
(2) Did trial court err in instructing the jury on Section 20 of Penal Law even when the indictment doesn't mention
(3) Section 20? and Section 20 was never mentioned in the first trial.
(4) _____

19. Did you appeal to the highest state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decisions regarding the petition(s), application(s), or motion(s) you listed in 15. and 16.?

   (a) First petition    Yes ☒   No ☐
   (b) Second petition   Yes ☐   No ☐
   (c) Third petition    Yes ☐   No ☐

   [List any other petition and indicate yes or no.]

20. For each "yes" answer in 19., attach a copy of that court's decision to this petition and give the following information:

   (a) Name of court State of New York Court of Appeals
   (b) Date filed Nov. 05
   (c) Result Denied
   (d) Date of result and citation, if known January 25, 2006
   (e) List all grounds you raised (1) Same as 18(e).

   (2) _____
   (3) _____
   (4) _____

21. If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____
_____
_____

22. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize briefly the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

   CAUTION: In order to proceed in federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. See 28 U.S.C. §2254(b). If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. See 28 U.S.C. §2244(b).

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   X (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   X (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

   A. Ground one: Conviction obtained by a violation of the protection against double jeopardy.

   Supporting FACTS (state briefly without citing cases or law): Petitioner states that he was placed in double jeopardy at his second trial because the people was allowed to read Section 20 of the Penal Law to the jury without it being mentioned in the indictment. At trial number one (1) there was no reading of Section 20 so how can you do something in trial #2 that wasn't done in trial #1?

B. Ground two: <u>Denial of effective assistance of counsel (Appeal)</u>

Supporting FACTS (state briefly without citing cases or law): <u>Appeal Counsel did not raise any issues that petitioner requested to be raised. It is also believed that Appeal Counsel wasn't familiar with said case because counsel believed that the petition petitioner had codefendants, also he sent me a case that had nothing to do with my case, but that case was his reason for not raising the issue, I petitioner requested.</u>

C. Ground three: <u>Due Process</u>

Supporting FACTS (state briefly without citing cases or law): <u>Petitioner was indicted on (1) count of Robbery 1. Petitioner went to trial on the crime charged but had a hung jury. Trial court declared a mistrial and set a new trial date. After picking jury for the second trial, the people were allowed to read Penal Law Section 20, Acting in Concert, to the jury. How is that possible when petitioner was the sole person indicted?</u>

D. Ground four: _____

Supporting FACTS (state briefly without citing cases or law): _____

23. If you did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court, state or federal, state briefly what grounds you did not present and give your reasons for not presenting them: <u>22(A) and 22(C). Petitioner did not raise any of these issues because he wasn't aware of the fact that the issues could have been raised on earlier motions. Also, petitioner has been Pro-Se since losing Appeal counsel.</u>

- 8 -

24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes ☐   No ☒

   (a) Name of court _____

   (b) Nature of proceeding _____

   (c) Date filed _____

   (d) List all grounds you raised (1) _____

   (2) _____

   (3) _____

   (4) _____

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you challenge in this petition:

   (a) At preliminary hearing  Joel N. Krane, 310 Executive Office Building, 36 Main Street West, Rochester, N.Y. 14614

   (b) At arraignment and plea  Joel N. Krane  "   "

   (c) At trial  Joel N. Krane  "   "

   (d) At sentencing  Joel N. Krane  "   "

   (e) On appeal  James Eckert, Executive Office Building, 10 North Fitzhugh Street, Rochester, N.Y. 14614

   (f) In any post-conviction proceeding  Pro Se

   (g) On appeal from any adverse ruling in a post-conviction proceeding  Pro Se

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

   Yes ☐   No ☒ ?

- 9 -

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*David T. Lewis Pro-Se*
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(Date)

*David T. Lewis*
Signature of Petitioner

# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

803

KA 01-01973

PRESENT: PIGOTT, JR., P.J., GREEN, PINE, WISNER, AND LAWTON, JJ.

PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF-RESPONDENT,

V

MEMORANDUM AND ORDER

DAVID T. LEWIS, DEFENDANT-APPELLANT.

EDWARD J. NOWAK, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

HOWARD R. RELIN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of Monroe County Court (Marks, J.), entered August 27, 2001, convicting defendant after a jury trial of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's motion seeking to suppress the showup identification by the victim. We reject the contention of defendant that, because the police had probable cause to arrest him on other charges and were not going to release him, the showup was unnecessary and thus impermissible. We conclude that, because the showup was "conducted in close geographic and temporal proximity to the crime," it was permissible even in the absence of exigent circumstances (*People v Brisco*, 99 NY2d 596, 597). Contrary to the further contention of defendant, "[t]he circumstances that defendant was handcuffed behind his back and in the presence of police officers, and that the complainant was told that [she] would be viewing a suspect, did not render the procedure unduly suggestive" (*People v Edwards*, 259 AD2d 343, 344, lv denied 93 NY2d 969; see *People v Smith*, 289 AD2d 1056, 1057, lv denied 98 NY2d 641). The sentence is not unduly harsh or severe.

Entered: June 13, 2003

JoAnn M. Wahl
Clerk of the Court

# SUPREME COURT OF THE STATE OF NEW YORK
# Appellate Division, Fourth Judicial Department

MOTION NO. 803/03

PRESENT: PIGOTT, JR., P.J., GREEN, PINE AND LAWTON, JJ.

KA 01-01973

PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF-RESPONDENT,

V

DAVID T. LEWIS, DEFENDANT-APPELLANT.

Indictment No: 513-00

---

Appellant having moved for a writ of error coram nobis vacating the order of this Court entered June 13, 2003 affirming a judgment of Monroe County Court entered in the Office of the Clerk of the County of Monroe on August 27, 2001,

Now, upon reading and filing the affidavit of David Lewis sworn to July 21, 2004, the notice of motion with proof of service thereof, the opposing affirmation of Patrick H. Fierro, Esq., affirmed August 5, 2004, and due deliberation having been had thereon,

It is hereby ORDERED that the motion be and the same hereby is denied.

Entered: October 1, 2004             JoAnn M. Wahl, Clerk

**Supreme Court**
APPELLATE DIVISION,
Fourth Judicial Department,
Clerk's Office, Rochester, N.Y.

I, JOANN M. WAHL, Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court in the City of Rochester, New York, this OCT 1 2004

*JoAnn M. Wahl*
Clerk.

# State of New York
# Court of Appeals

BEFORE: HON. SUSAN PHILLIPS READ,
_____ Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                               Respondent,      **CERTIFICATE DENYING LEAVE**

           -against-

DAVID T. LEWIS,                            Indictment No. 513-00

                                Appellant.

       I, SUSAN PHILLIPS READ, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to CPL 460.20 and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated: January 25, 2006
Albany, New York

                                            *Susan Phillips Read*
                                               Associate Judge

\* *Description of Order*: Order of the Appellate Division, Fourth Department, entered October 1, 2004, denying defendant's motion for a writ of error coram nobis.